IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN PATRICK GRIMES | : | |
|     Plaintiff, | : | |
|     v. | : | CIVIL ACTION NO. L-07-836 |
| | : | |
| WARDEN | : | |
|     Defendant. | : | |

## **MEMORANDUM**

Pending is Ryan Patrick Grimes's ("Grimes") letter complaint, construed as a 28 U.S.C. § 1331 civil rights action. No oral argument is necessary. For reasons stated herein, the Court will, by separate order, TRANSFER the case pursuant to 28 U.S.C. § 1406(a).

## I.   BACKGROUND

Grimes pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113A, and was sentenced to a 130-month term in the U.S. Bureau of Prisons. See United States v. Grimes, Criminal No. L-02-0158 (D. Md.). He is now serving his sentence in the federal prison complex in Coleman, Florida ("Coleman"). On April 2, 2007, this Court received Grimes's letter, complaining that while housed on the Special Housing Unit ("SHU") at Coleman: (i) he is being denied administrative remedy "BP" forms, (ii) prison officials have failed to provide him "proper protective custody status" by housing him with a cell mate who is a threat to his life, and (iii) he cannot safely recreate.[1] (Docket No. 1). Grimes seeks "some type of emergency hearing or court intervention." (Id.).

## II.   STANDARD OF REVIEW

The Court, construing Grimes's letter liberally,[2] deems it filed as a 28 U.S.C. § 1331 civil rights action seeking injunctive relief. This Court, however, has no venue over Grime's claims

---

[1] Grimes states that he was stabbed in December of 2006, and is being forced to be around the same inmates who were involved in stabbing him and who are aware of his informant status. (Docket No. 1).

[2] See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

relating to alleged Eighth and Fourteenth Amendment violations by prison staff at Coleman. See 28 U.S.C. § 1391(b).[3] Rather than dismissing the action for improper venue, the Court shall, in the interest of justice, transfer the matter to the United States District Court for the Middle District of Florida at Ocala.[4] See 28 U.S.C. § 1406(a).[5]

### III.   CONCLUSION

For the aforementioned reasons, the Court will TRANSFER Grimes's Complaint.

Dated this 12th day of April, 2007.

                                           /s/  
                                           Benson Everett Legg  
                                           Chief Judge

---

[3]   Title 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[4]   The Court understands that the prisoner civil rights complaint was neither filed in proper format nor accompanied by the civil filing fee or indigency form and account information required under 28 U.S.C. § 1915(a)(1) & (2). Nonetheless, in light of Grimes's failure-to-protect allegations and injunctive relief request, the matter shall be transferred to the Florida federal court. The Court shall leave it to the transferee court to take whatever action it deems appropriate.

[5]   28 U.S.C. § 1406(a) is a curative statute which provides the mechanism by which a federal court may transfer an action to another district when venue is wrong. Section 1406(a) provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.